## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KAREN NEWMAN, former Executrix of the Estate of Shirley B. Gamble, deceased, et al., ) ) ) ) | |
| Plaintiffs, ) ) | |
| vs. ) ) | Case No. 11-CV-02309-JAR-KMH |
| DANA TIPPIN CUTLER, et al., ) ) | |
| Defendants. ) ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 18) under Fed. R. Civ. P. 41(b) and Plaintiff Leon Akins, III's Motion to Dismiss under Fed. R. Civ. P. 41(a)(2) (Doc. 28). Both motions are fully briefed, and the Court is prepared to rule. For the reasons explained below, this Court grants Defendants' motion in part, dismissing the case without prejudice, and denies Plaintiff's motion as moot.

**I.      Factual and Procedural Background**

On June 3, 2011, Plaintiffs Karen Newman and Leon Akins, III filed their Complaint against Defendants Dana Tippin Cutler, Keith A. Cutler, and James A. Tippin & Associates. On October 31, 2011, Plaintiff Karen Newman filed a motion to dismiss herself from the case. The Court dismissed Karen Newman on November 16, 2011, leaving Akins as the only remaining Plaintiff.

On October 12, 2011, Plaintiff's counsel confirmed that Defendants could depose Plaintiff Akins on November 22, at 9:30 a.m. Plaintiff's deposition was properly noticed. But

on November 22, thirty minutes after the deposition was scheduled to begin, Plaintiff's counsel informed Defendants that it did not appear that Plaintiff would appear for his deposition.

On December 2, 2011, Plaintiff's counsel sent Defendants' counsel an e-mail explaining that he had contacted Plaintiff, who was apologetic for missing his deposition.  He gave no reason for Plaintiff's failure to appear.  Plaintiff's counsel said that he would contact Defendants' counsel when Plaintiff let him know what dates he had available for a deposition. During a status conference with Magistrate Judge Humphreys on December 13, 2011, Defendants' counsel advised Plaintiff's counsel that they planned to file a motion to dismiss because of Plaintiff's failure to attend his own deposition and failure to propose any dates to reschedule.  On that same day, Defendants filed a motion to dismiss for lack of prosecution.

After the status conference, in late December, Plaintiff's counsel tried to contact Defendants' counsel to reschedule the deposition, giving dates between December 27 through January 6.  Because Defendants' counsel was out of town, no one responded until January 4, 2012, when Defendants' counsel explained that the dates Plaintiff proposed would not work.  In an e-mail exchange on January 4, 2012, counsel discussed possibly taking the deposition after mediation.  Plaintiff's counsel also requested additional time for Plaintiff to respond to Defendants' written discovery requests.

On January 26, 2012, Plaintiff filed a motion for voluntary dismissal without prejudice under Federal Rule of Procedure 41(a)(2).  Plaintiff has not explained why he seeks dismissal other than stating that mediation was not successful.

## II.    Discussion

Defendants move for an order dismissing this action with prejudice because of Plaintiff's

2

lack of prosecution.  Defendants argue that because Plaintiff failed to attend his properly noticed deposition, the Court should dismiss the action.  In the alternative, Defendants seek sanctions against Plaintiff for reasonable expenses, including attorneys' fees caused by Plaintiff's failure to attend his own deposition.  Plaintiff responds, arguing that he attempted to reschedule the deposition but could not contact Defendants.  Plaintiff instead seeks voluntary dismissal without prejudice under Federal Rule of Evidence 41(a)(2).

### A.      Motion to Dismiss for Lack of Prosecution

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."[1]  Dismissal with prejudice is a sanction within the Court's discretion both under Rule 41(b) of the Federal Rules of Civil Procedure and the inherent power of the court.[2]  Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.[3]

Because, however, dismissal with prejudice is a severe sanction, courts should only impose it if a "lesser sanction would not serve the ends of justice."[4]  To determine the appropriate sanction, courts should consider the following factors: "'(1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the

---

[1]*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[2]*Davis v. Operation Amigo, Inc.*, 378 F.2d 101, 103 (10th Cir. 1967) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)); *see also Atchibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995).

[3]Fed. R. Civ. P. 41(b).

[4]*Reed*, 312 F.3d at 1195 (quotation omitted).

litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."[5]

While Defendants and Plaintiff all seek dismissal, they disagree on whether the factors listed above weigh in favor of dismissal with prejudice or dismissal without prejudice.  After considering the factors as well as the severity of dismissal with prejudice, the Court finds that, on balance, the case should be dismissed without prejudice.

Defendants were inconvenienced by Plaintiff's failure to appear at his properly noticed deposition.  By failing to appear without giving anyone notice, Plaintiff cost Defendants time and money.  His actions also undoubtedly delayed discovery in the case as he did not even give dates to reschedule the deposition until a month later.  But discovery had not yet closed when Defendants filed their motion to dismiss for lack of prosecution, and Plaintiff offered and remained willing to schedule another deposition.  Thus, while Plaintiff prejudiced Defendants and interfered with the judicial process, the prejudice and interference were not severe.

Further, while Plaintiff is culpable, his culpability is minimal.  Plaintiff has not adequately explained why he missed his properly noticed deposition.  Plaintiff claims in his response to Defendants' motion to dismiss that "his health issues and inability to attend the deposition" are isolated incidents of noncompliance.  Plaintiff, however, does not explain what his health issues are or why they prevented him from attending his deposition.  Defendants state that Plaintiff never gave them a reason for his absence or ever even claimed he had health issues until his response brief.  The Court cannot find that Plaintiff adequately justified his absence. Nonetheless, the noncompliance with discovery procedures does not seem widespread—Plaintiff

---

[5]*Gripe v. City of Enid, Okla.*, 312 F.3d 1184, 1188 (10th Cir. 2002) (alteration in the original).

4

has not repeatedly missed scheduled depositions.  And, although Plaintiff's first proposed dates

for a rescheduled deposition were very restrictive, Plaintiff offered to reschedule the deposition

and the parties eventually agreed to reschedule the deposition after mediation.  So while Plaintiff

is culpable for his failure to appear at his deposition, the Court finds that on balance Plaintiff's

culpability is minimal.

Additionally, the Court has not previously warned Plaintiff that his case could be

dismissed for failure to attend his deposition.  Like any litigant, Plaintiff was on notice that

failure to prosecute, like failure to comply with court orders, could result in involuntary

dismissal as a sanction.  Further, Plaintiff received notice of Defendants' intention to file a

motion to dismiss for lack of prosecution at a status conference with Magistrate Judge

Humphreys on December 13, 2011.  But Defendants filed their motion to dismiss on the same

day, which did not give Plaintiff much advance notice.  Additionally, Defendants never filed a

motion to compel discovery and the Court has not warned Plaintiff that he could face dismissal if

he continued in his failure to comply with discovery procedures.

As for the last factor, the Court finds that lesser sanctions will adequately deter Plaintiff

from further violations of the rules of discovery.  As explained above, Defendants have not filed

any motions to compel discovery.  If this case proceeded through discovery after resolution of

this motion, the Court could enter a discovery order to address Defendants' concerns.  But

because the Court is dismissing the case, further discovery in this case is not an issue.  To

address Defendants' concerns if and when Plaintiff decides to refile the case, the Court can make

the refiling subject to certain conditions to assure Plaintiff's compliance with the rules of

discovery in the refiled case.

Upon consideration of the factors above and as well as the severe consequences to Plaintiff of a dismissal with prejudice, the Court concludes that dismissal without prejudice is warranted.  But to alleviate prejudice to Defendants, the dismissal is subject to certain conditions should Plaintiff refile the case.  Should Plaintiff refile the Complaint, (1) discovery conducted in this case will be used in the refiled case, (2) at the time of refiling, Plaintiff shall provide Defendants with any discovery responses, documents, or both, currently outstanding in this case, including Plaintiff's responses to the First Interrogatories and First Request for Production of Documents, (3) Plaintiff shall comply with all discovery requirements in the refiled case, including attending his own deposition, (4) Plaintiff will pay the reasonable expenses, including attorneys' fees, caused by his previous failure to attend his properly noticed deposition, and (5) Plaintiff will pay the attorneys' fees that Defendants incurred by filing the motion to dismiss in this case.  Should Plaintiff refile this case and then fail to meet any of the conditions listed above, the Court shall, upon Defendants' motion, dismiss the refiled case with prejudice.

Defendants also request the award of attorneys' fees as a sanction in the alternative to dismissal with prejudice.  The Court concludes that the sanction of dismissal without prejudice is sufficient at this time and denies Defendants' request for attorneys' fees.  The Court notes, however, that should Plaintiff refile the case, he will be required to pay certain expenses and fees outlined above.

**B.**     **Motion to Dismiss under Rule 41(a)(2)**

Because the Court is granting Defendants' motion to dismiss but is dismissing the case without prejudice, Plaintiff's motion to dismiss under Rule 41(a)(2) is moot and the Court denies it as such.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss for Lack of Prosecution (Doc. 18) is **granted in part and denied in part**.  The Court grants Defendants' motion to dismiss, but **the matter is dismissed without prejudice** subject to the conditions listed above.  The Court denies Defendants' motion for reasonable expenses and attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss under Fed. R. Civ. P. 41(a)(2) (Doc. 28) is **denied as moot**.

**IT IS SO ORDERED.**

Dated: March 29, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

7